# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| **KELLI NOLAN** | : | |
| 409 Brightwood Drive | | |
| Marion, OH 43302 | : | Case No. |
| | | |
| Plaintiff, | : | Judge |
| | | |
| v. | : | Magistrate Judge |
| | | |
| **OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS** | : | |
| **MARION CORRECTIONAL INSTITUTION** | : | **JURY DEMAND ENDORSED HEREON** |
| 940 Marion Williamsport Road E. | | |
| Marion, OH 43302 | : | |
| | | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Kelli Nolan (hereafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Ohio Department of Rehabilitation and Corrections, Marion Correctional Institution (hereafter "Defendant") states and avers as follows:

## PARTIES

1. Plaintiff is a resident of the State of Ohio, County of Marion. At all times referenced herein, Plaintiff was an employee of Defendant in the County of Marion, State of Ohio.

2. Defendant Ohio Department of Rehabilitation is located in Marion County, Ohio at the Marion Correctional Institution and is a cabinet level department of the State of Ohio.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 USC § 2000(e)-5(f)(3), 42 USC § 12101, et. seq., and 28 USC § 1331 as well as this Court's power to assert supplemental

jurisdiction of state claims. Plaintiff has satisfied all pre-requisites for filing suit, including but not limited to obtaining a Notice of Right to Sue from the Department of Justice dated January 29, 2020. A copy of the "Notice" is attached hereto as Exhibit "A".

4. The unlawful discrimination and employment practices alleged herein were committed within the State of Ohio, in the Northern District, Western Division of this Federal Court. Toledo, Ohio.

5. At all relevant times hereto, Plaintiff worked for the Defendant in Marion County, Ohio which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief, and the County in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was an "Employer" within the meaning of the Ohio Revised Code § 4112.01 and Title VII of the Civil rights Act of 1964, as amended, 42 USC § 2000(e) and (d).  Specifically, "employer" means a person engaged in an industry affecting commerce who has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. In addition, Defendant qualifies as a "employer" within the meaning of Ohio Revised Code Title 4112.01.

**FACTUAL ALLEGATIONS**

7. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 6 above as if fully rewritten herein.

8. Plaintiff was hired as a corrections officer by the Marion Correctional Institution in June 2007. As a corrections officer, Plaintiff reported to her immediate supervisor, the Corrections Captain. The Captains on duty during a shift changed because of a rotation utilized by the Marion Correctional Institution. At the time of Plaintiff's termination, her Captain was Garnet Blake.

9. Philip Rader transferred from the Adult Parole Authority to the Marion Correctional Institution in 2012 as the Labor Relations Officer. Mr. Rader determines whether to pursue disciplinary charges against a Corrections officer. Although Mr. Rader cannot pursue discipline without others agreeing to the same, he can recommend it. Further, Mr. Rader has multiple times recommended females for harsher discipline than male Corrections officers. While the Defendant will claim there is no record of males with similar infractions, this is untrue. There is no record of discipline of males with similar infractions because Mr. Rader did not recommend them for discipline for similar behavior.

10. In 2017, Plaintiff filed an internal EEO charge against Mr. Rader for applying differing punishments for the disciplines that she and a male counterpart received for cursing. Following that report, Plaintiff's activities came under the utmost scrutiny by Mr. Rader. The male counterpart's discipline was removed but Plaintiff's was not.

11. On or about December 14, 2018, Plaintiff while in uniform had to meet with a friend, his family and lawyer regarding Plaintiff's testimony at the trial on that date. Plaintiff was unable to change clothes before the trial started at 8:00 a.m.

12. On or about December 28, 2018, Plaintiff left work after third shift, around 6:00 a.m. and 6:10 a.m.  Plaintiff was set to testify in a criminal sentencing regarding the character of a friend. Plaintiff was not a fact witness. The trial started at 8:00 a.m..  Plaintiff got to the trial between 7:00 and 7:30 a.m. to meet with her friend, his family and his lawyer.

13. On February 14, 2019, Plaintiff received notice of discipline resulting from her testimony provided at trial ("First Discipline").

14. Mr. Rader, the Labor Relations Officer was assigned to Plaintiff's pre-disciplinary hearing.

15. Just 8 days later, Plaintiff received a Second Pre-disciplinary Meeting Notice for allegedly being late to work resulting from car trouble and a towed car. At her Captain's Order, Plaintiff input emergency time off in to Kronos. Despite this, Plaintiff was issued discipline (the "Second Discipline").

16. Mr. Rader was assigned as Plaintiff's hearing officer for the Second Discipline.

17. Following a hearing on both allegations, Plaintiff was terminated from her position as a Corrections Officer.

18. Plaintiff provided evidence which established that every fact presented by the Defendant was false. Further Plaintiff had the names of individuals who were treated differently or failed to receive any discipline for arriving late at work twice of more with no excuse or evidence of car trouble. Plaintiff also provided the names of other male corrections officers who had violated similar rules as Plaintiff and were not terminated.

19. The following male officers were treated differently than Plaintiff, a female, and received lesser discipline or no discipline at all:

    a) Corrections Officer Dustin Smith who was at a sports bar drinking alcohol in his uniform.

    b) Investigator Walker entered a pizza place to investigate Officer Dustin Smith. While there doing his investigation, he ordered pizza for the administrative staff, including the warden.

    c) Investigator Hecker entered a pizza place to investigate Officer Dustin Smith. While there doing his investigation he ordered pizza for the administrative staff, including the warden.

    d) Maintenance employee Lee Campo who had a relationship with an inmate (co-signed a Loan) within six months of release from the Marion Correctional Institution.

    e) Corrections Officer Keith Beitzel was a Maintenance Supervisor for Defendant. He was stealing materials and misusing institutional funds. He was permitted to retire.

00306937-2          4

      f)        Officer Ryan Pakish – Late for work (more than two hours late twice with no excuse). He was a no call, no show, not coming to work at all with no excuse.

      g)        Officer J. Shifer – Arrested for Drunk Driving; failure to report drunk driving.

20.      At the time that Plaintiff was fired, the last five employees terminated by Defendant in Marion were all female.

21.      All of the men who had been previously terminated all received their jobs back and those included: 1) Andrew Nolen, 2) Joe Maze, and 3) Corey Rogers.

22.      The Defendant treated Plaintiff differently than its male employees because of her gender.

23.      Defendant has a history of treating female employees differently than males.

**FIRST CAUSE OF ACTION – GENDER DISCRIMINATION**

24.      Plaintiff hereby incorporates all of her allegations set forth in Paragraphs 1 through 22 above as if fully rewritten herein.

25.      Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of her gender, female.

26.      Defendant terminated Plaintiff for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e). The reasons were pre-textual because no less than seven (7) other male corrections officers whose actions were similar to Plaintiff's were not terminated.

27.      By terminating Plaintiff and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 USC § 2000(e)-2(a) in violation of Title VII of the Civil Rights Act of 1964, as amended.

28. Plaintiff is a member of a protected class, female, and is qualified for the position of Corrections Officer with Defendant from which she was terminated.

29. Plaintiff complied with all of the administrative prerequisites necessary to commence this civil action pursuant to 42 USC § 2000(e)-5(f).

30. As a direct and proximate result of Defendant's unlawful conduct set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION - RETALIATION**

31. Plaintiff hereby incorporates all of her allegations set forth in Paragraphs 1 through 29 above as if fully rewritten herein.

32. Following Plaintiff's report of the behavior of the Labor Relations Officer Phil Radar and his discipline related to the December 18, 2018 incident, Plaintiff received discipline for being late for car trouble and allegedly falsifying documentation for time off.

33. As set forth in detail above, the Labor Relations Officer Phil Radar was previously removed from the Allen County Correctional Institution for discriminatory treatment of a female.

34. Following Plaintiff's participation and protected activity wherein Plaintiff reported the gender discrimination of the Labor Relations Office Phil Radar with respect to his treatment of Plant if and other females at the time of her discipline and historically, Plaintiff received additional discipline and was eventually terminated.

35. Defendant and its agency supervisors treated Plaintiff differently with respect to the terms and conditions of her employment.

36. Defendant terminated and disciplined Plaintiff because of her continued participation in protected activity.

37. Defendant's actions constitute retaliation as prohibited by Title VII.

38. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Kelli Nolan prays for judgment against Defendant Ohio Department of Rehabilitation and Corrections, the Marion Correctional Institution, on all counts for compensatory damages, including but not limited to emotional and physical distress, embarrassment, humiliation, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

    Respectfully submitted,

    **KEMP, SCHAEFFER, & ROWE CO., L.P.A.**

    By: /s/ Erica Ann Probst
        Erica Ann Probst #0073486
        Michael P. Ferguson #0082851
        Attorneys for Plaintiff
        88 West Mound Street
        Columbus, Ohio 43215
        (614) 224-2678; (614) 469-7170 (fax)
        Email: Erica@ksrlegal.com
                MFerguson@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

          Respectfully submitted,

          **Kemp, Schaeffer & Rowe Co., LPA**

          By: /s/ Erica Ann Probst_____
              Erica Ann Probst #0073486
          **Attorney for Plaintiff**



**CERTIFIED MAIL**
7003 0500 0002 5057 0408

U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

January 29, 2020

Ms. Kelli Nolan
c/o Erica A. Probst, Esquire
Law Offices of Kemp, Schaeffer & Rowe
88 W. Mound St.
Columbus, OH  43215

Re:  EEOC Charge Against Ohio Dept. of Rehab, Marion Correctional Facility
     No. 532201902130

Dear Ms. Nolan:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Cleveland District Office, Cleveland, OH.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Cleveland District Office, EEOC
    Ohio Dept. of Rehab, Marion Correctional Facility

EXHIBIT "A"